UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

**PETER P.**

                      **Plaintiff,**

v.                                                  **5:19-CV-691 (NAM)**

**ANDREW M. SAUL,**
**Commissioner of Social Security,**

                      **Defendant.**
───────────────────────────────────────────

**Appearances:**

Steven R. Dolson, Esq.
126 N. Salina St., Ste. 3B
Syracuse, NY 13202
*Attorney for the Plaintiff*

Ronald W. Makawa, Esq.
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
J.F.K. Federal Building, Room 625
Boston, MA 02203
*Attorney for the Defendant*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

## ORDER

Now before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (Dkt. No. 22), which the Government opposes in part, (Dkt. No. 24). As background, Plaintiff commenced this action on June 11, 2019 seeking review of the Commissioner's denial of his application for social security disability benefits under the Social Security Act. (Dkt. No. 1). The Court issued a Memorandum-

Decision and Order on May 27, 2020, reversing the Commissioner's decision and remanding the matter for further proceedings.  (Dkt. No. 16; *see also* Dkt. No. 21).

To qualify for attorney's fees under the EAJA, the plaintiff must demonstrate that: (1) he is the prevailing party; (2) he is eligible to receive an award; and (3) the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(B).  Even if an agency's position was not substantially justified, an award of fees may be reduced or denied if "special circumstances" would make an otherwise proper award "unjust."  *Id.* at § 2412(d)(1)(A).

Here, Plaintiff seeks attorney's fees in the amount of $6,146.71, which accounts for 29.7 hours of work at the hourly rate of $206.96.  (Dkt. No. 22).  In response, the Government concedes that Plaintiff is a prevailing party under the EAJA and does not claim that its position was substantially justified.  (Dkt. No. 24, p. 3).  However, the Government argues that Plaintiff's attorney's fees should be reduced because it is unreasonable to bill time for clerical work, and 8.2 hours is excessive for "preparing a short, repetitive response to the Commissioner's Motion to Alter Judgment."  (*Id.*, p. 6).

First, the Court finds that the proposed hourly rate for attorney's fees is reasonable under the EAJA in this case.  Second, after reviewing the itemized attorney time submitted by Plaintiff and the associated documents filed on the docket, the Court finds that the following ministerial tasks are not properly compensable under the EAJA: 1) Review Order granting IFP Application (.10 hours); 2) Update case log/set tasks (.10 hours); and 3) Review Order granting Defendant extension of time to file brief (.10 hours).  (*See* Dkt. No. 22-1).  Third, the Court finds that 4.0 hours instead of 8.2 is reasonable for counsel's work on Plaintiff's brief response to Defendant's Motion to Alter Judgment.  (Dkt. No. 20).  Accordingly, Plaintiff

shall be awarded attorney's fees in the amount of $5,215.39, for 25.2 compensable hours at the rate of $206.96 per hour.

Finally, although Plaintiff has requested that the award be made payable to his attorney, the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Therefore, the attorney's fees awarded here shall be made payable directly to the Plaintiff. *See Walker v. Astrue*, No. 04-CV-891, 2008 WL 4693354, at *7 2008 U.S. Dist. LEXIS 87007, at *21 (N.D.N.Y. Oct. 23, 2008) ("Therefore, the Court holds, consistent with bulk of district courts in this Circuit, that the EAJA attorney's fee award is payable directly to plaintiff.").

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion for attorney's fees (Dkt. No. 22) is **GRANTED in part**; and it is further

**ORDERED** that Plaintiff is awarded $5,215.39 in attorney's fees under the EAJA; and it is further

**ORDERED** that Plaintiff's motion is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: August 21, 2020
Syracuse, New York

*/s/ Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge

3